JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB 29 1972

DOCKET NO. 88

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR CRASH NEAR DENVER, )
COLORADO ON OCTOBER 3, 1969  )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH*, CHAIRMAN AND JOHN MINOR WISDOM, EDWARD WEINFELD*, EDWIN A. ROBSON*, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

The crash of an airplane operated by Metro Commuter Airlines near Denver, Colorado in 1969 led to the filing of four actions in four districts by passengers and crew and their representatives. The United States, a common defendant, moves for the transfer of all cases to the District of Colorado for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. We find the actions appropriate for transfer to Colorado.

The United States has cited numerous decisions of the Panel transferring litigation arising out of airplane accidents for pretrial proceedings under Section 1407. See, e.g., In re Las Vegas, Nevada Air Disaster, ___ F. Supp. ___ (J.P.M.L. 1971); In re San Antonio, Venezuela Air Disaster, 331 F. Supp. 547 (J.P.M.L. 1971); In re San Juan, Puerto Rico Air Disaster, 316 F. Supp. 981 (J.P.M.L. 1970); In re Fairland, Indiana Air

---

\*   Although Judges Murrah, Weinfeld and Robson were not present at the hearing they have, with the consent of all parties, participated in this decision.

Disaster, 309 F. Supp. 621 (J.P.M.L. 1970). Several plaintiffs and defendant Beech Aircraft Corporation oppose transfer on the ground that voluntary coordination of discovery will eliminate any problems in this litigation. In addition, Beech, a defendant in only one of the California cases, asserts that it has filed a motion to dismiss in California and would find it prejudicially expensive to fly counsel to Colorado to participate in pretrial proceedings there.

We see no indication that voluntary coordination would be effective in these cases and we have previously stated "that Section 1407 was intended to provide a procedure which would insure that repetitious and duplicative discovery is avoided by providing that all related actions be assigned to a single judge." In re Frost Patent Litigation, 316 F. Supp. 977, 979 (J.P.M.L. 1970). For the same reasons we must reject Beech's "worm's eye view" of the litigation. In re Childrens' Book Antitrust Litigation, 297 F. Supp. 385, 386 (J.P.M.L. 1968).

Finally, two passenger plaintiffs suggest that their cases should not be transferred for pretrial proceedings with actions brought by representatives of two deceased crew members. While the two types of cases may raise different legal issues, they still share a common factual background which will result in duplicative discovery unless transferred to a single district for pretrial proceedings. In re Greater Cincinnati Air Disaster, 295 F. Supp. 51 (J.P.M.L. 1968).

- 3 -

No party has contested the choice of Colorado as transferee forum and we think the reasons for its selection are clear. Because the plane crashed near the Denver airport, many eyewitnesses will be located in the area. And the air traffic controllers involved in monitoring the flight are located at the Denver airport. The tapes of the conversations between the tower and the flight crew are also there and any FAA documents relevant to the litigation are either in Denver or Washington, D.C.

IT IS THEREFORE ORDERED that the actions listed on the attached Schedule A be, and hereby are, transferred to the District of Colorado and, with the consent of that court, are assigned to the Honorable Fred M. Winner for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

DOCKET NO. 88 SCHEDULE A

## NORTHERN DISTRICT OF IOWA

Vera Reisinger, etc. v. United States of America
Civil Action
No. 71-C-6-CR

## DISTRICT OF COLORADO

Robert E. Deweese v. United States of America
Civil Action
No. C-3097

## CENTRAL DISTRICT OF CALIFORNIA

Jeanne T. Vesey, etc. v. United States of America
Civil Action
No. 71-2434-LTL

## NORTHERN DISTRICT OF CALIFORNIA

Floyd A. Demanes, etc. v. Beech Aircraft Corp., et al.
Civil Action
No. C-71-1669-LHB